# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LAVINA AND TERRY SPIEGEL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-00225-JCH |
| ) | |
| THE BANK OF NEW YORK MELLON ) | |
| f/k/a THE BANK OF NEW YORK, AS ) | |
| TRUSTEE FOR CWABS, INC. ) | |
| ASSET-BACKED CERTIFICATES, ) | |
| SERIES 2006-9, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Remand, filed March 17, 2016. (ECF No. 16.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On January 19, 2016, Plaintiffs Lavina and Terry Spiegel, citizens of Missouri, filed their Complaint for wrongful foreclosure in the Circuit Court of St. Louis County against Defendants The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 ("BONY"); OCWEN Loan Servicing, LLC ("Ocwen"); The Boyd Law Group, LC ("Boyd"), "in its capacity as successor trustee, only"; and New Penn Financial, doing business as Shellpoint Mortgage Servicing ("Shellpoint"). (ECF No. 1.1) In their Complaint, Plaintiffs assert claims of Wrongful Foreclosure, Quiet Title, and Slander of Title against Boyd. *Id.* As relevant, Boyd is a Missouri Limited Liability Company, with its primary offices in St. Charles County, Missouri. *Id.* ¶ 5.

On February 18, 2016, Defendants BONY and Shellpoint (hereinafter, "Defendants") filed a Notice of Removal, asserting diversity jurisdiction on the basis that Boyd, the only nondiverse defendant, was fraudulently joined. (ECF No. 1.) Plaintiffs now move for remand, arguing that Boyd is a proper party. (ECF No. 16.)

**DISCUSSION**

"Federal courts are courts of limited jurisdiction." *See Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005). "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id*.

The Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citation omitted). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

As mentioned above, Defendants removed this case to federal court based on the alleged fraudulent joinder of Boyd. "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Wivell v. Wells Fargo Bank, N.A.*, 773

F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 669 F.3d 1027, 1031 (8th Cir. 2012)). A defendant "has been fraudulently joined if there is no reasonable basis in fact and law for the claim brought against it," and where "the applicable state precedent precludes the existence of a cause of action against [the] defendant." *Id.* (quotations and citations omitted).

Upon consideration of the Parties' arguments, the Court concludes that Boyd was not fraudulently joined and is a proper party to this action, as Plaintiffs have asserted a claim for slander of title against Boyd.

To establish a claim for slander of title under Missouri law, a plaintiff must prove: "'(1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that he suffered pecuniary loss or injury as a result of the false statement.'" *Augustine v. Bank of Am., N.A.*, No. 4:11CV2251 CDP, 2012 WL 1379654, at *4 (E.D. Mo. Apr. 20, 2012) (quoting *Lau v. Pugh*, 299 S.W.3d 740, 748–49 (Mo. Ct. App. 2009)). In their Complaint, Plaintiffs generally allege that they were not in default on their loan payments, and that Defendants wrongfully foreclosed on their properties. As to Boyd, Plaintiffs specifically allege that Boyd's appointment as successor trustee, which Boyd recorded, was defective and void; that Boyd knew the appointment was defective at the time Boyd recorded it; and that Boyd nevertheless continued with the foreclosures. (Compl. ¶¶ 13, 25, 32, 33-36, 47, 56.) Plaintiffs further allege that Boyd "published or caused to be published" in the St. Louis Countian statements to the effect that Plaintiffs were in default on their properties, that Boyd knew the statements were false and maliciously published them, and that Plaintiffs have suffered pecuniary loss as a result of the false statements. *Id.* ¶¶ 59-62.

In view of the foregoing, the Court finds that there is a reasonable basis in fact and law for Plaintiffs' claim of slander of title against Boyd. *See Wivell*, 773 F.3d at 893; *Lukefahr v.*

3

*United States Bank*, No. 1:13-CV-151 JAR, 2014 WL 1648819, at *4-5 (E.D. Mo. Apr. 23, 2014) (holding that plaintiffs stated required elements for slander of title claim against successor trustee, where plaintiffs alleged that they had interest in property, that trustee's deed falsely conveyed ownership in property, that property was wrongfully sold, and that trustee acted with malice); *Timber Point Props. III, LLC v. Bank of Am., N.A.*, No. 13-3449-CV-S-DGK, 2014 WL 7005195, at *8 (W.D. Mo. Dec. 10, 2014) (finding that complaint stated claim for slander of title against successor trustee, where plaintiff alleged trustee knew recorded instrument was false but had no legal justification to record it nonetheless); *see also Euge v. Golden*, 551 S.W.2d 928, 932 (Mo. Ct. App. 1977) ("Recordation of a false instrument does state a claim under slander of title.").

Defendants also argue, in the alternative, that Boyd is a nominal party and its citizenship should be disregarded. (ECF No. 18 at 6 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (in determining whether complete diversity of citizenship exists, federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy")).) Specifically, Defendants assert that "[u]nder Missouri law, a trustee is not an indispensable party to an action affecting a deed of trust because a deed of trust does not vest title in the trustee." *Id.* at 7. However, Defendants make no assertion that a trustee is not an indispensable party to an action for slander of title under Missouri law, and none of the cases cited by Defendants include a count for slander of title. *Id.* (citing *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011); *Wyatt v. Liberty Mortg. Corp.*, No. 4:13-cv-00317-DGK, 2013 WL 6730298, at *3-5 (W.D. Mo. Dec. 19, 2013); *Simms v. Nationstar Mortg., LLC*, No. 4:14-CV-243 CAS, 2014 WL 1515881, at *3-5 (E.D. Mo. Apr. 18, 2014); *Hammond v. First Magnus Corp.*, No. 14-0032-CV-W-ODS,

2014 WL 1374826, at *2 (W.D. Mo. Apr. 8, 2014); *Reinerio v. Bank of New York Mellon*, No. 15-CV-161-FJG, 2015 WL 4425856, at *5-6 (W.D. Mo. July 20, 2015)).

Therefore, the Court finds that Boyd is a proper party to this action, and that this matter must be remanded to the Circuit Court of St. Louis County.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (ECF No. 16) is **GRANTED**, and that this case is **REMANDED** to the Circuit Court of the St. Louis County, Missouri. A separate Order of Remand will accompany this Order.

Dated this 5th day of April, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE